UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JUSTIN BURNS                                                                              PETITIONER
ADC # 146885


VS.                                   4:20-CV-00781-JM/JTR


DEXTER PAYNE, Director,
Arkansas Division of Correction                                                RESPONDENT


## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Discussion

On June 24, 2020, Justin Burns, who is currently incarcerated at the Varner Unit of the Arkansas Department of Correction, filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. *Doc. 1*. Because Burns did not pay the $5.00 filing fee or

file a Motion to Proceed *In Forma Pauperis*, the Court did not order service of the Petition.

Instead, on June 26, 2020, the Court entered an Order giving Burns until July 27, 2020, to either: (1) pay the $5.00 filing fee in full; or (2) file a properly completed Application to Proceed *In Forma Pauperis*. Doc. 2. The Court advised Burns that if he failed "to timely and properly comply with this Order," his habeas action would "be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2)."[1] *Id.*

Burns failed to respond to the Court's June 26th Order,[2] and the deadline for doing so has passed. Thus, Burns has violated his obligations under Local Rule 5.5(c)(2), ignored a Court Order, and failed to prosecute this action diligently.[3]

---

[1] Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas provides:
> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

(Emphasis added.)

[2] A review of the electronic docket sheet for this case indicates that the June 26th Order was *not* returned to the Court. Thus, there is no reason to believe that the Order failed to reach Burns.

[3] Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed for failure to prosecute or comply with court orders.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT this Petition for Writ of Habeas Corpus, *Doc. 1*, be DISMISSED, without prejudice, pursuant to Fed. R. Civ. P. 41(b) and Local Rule 5.5(c)(2).

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED.  *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 17th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE